RONALD K. ALBERTS (SBN: 100017)
ralberts@grsm.com
SYLVIA JOO (SBN: 308236)
sjoo@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone: (213) 576-5088
Facsimile: (213) 680-4470

Attorneys for Defendants
HUMANA BEHAVIORAL HEALTH, INC.,
HUMANA HEALTH PLAN OF CALIFORNIA, INC.,
HUMANA, INC.,
HUMANA INSURANCE COMPANY,
HUMANA EMPLOYERS HEALTH PLAN OF GEORGIA, INC.,
HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC.,
HUMANA HEALTH PLAN OF TEXAS, INC.,
HUMANA HEALTH PLAN, INC., and
HUMANA MEDICAL PLAN (erroneously sued as HUMANA INSURANCE COMPANY AND HUMANA MEDICAL PLAN)

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ABC SERVICES GROUP, INC., a Delaware corporation, in its capacity as assignee for the benefit of creditors of MORNINGSIDE RECOVERY, LLC, a California limited liability company

Plaintiff,

vs.

HUMANA BEHAVIORAL HEALTH, INC., a Texas corporation; HUMANA HEALTH PLAN OF CALIFORNIA, INC., a California corporation; HUMANA INC., a Delaware corporation; HUMANA INSURANCE COMPANY, a Wisconsin corporation; HUMANA EMPLOYERS HEALTH PLAN OF GEORGIA, INC., a Georgia corporation; HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., a Louisiana Corporation;

CASE NO. 8:19-cv-00317-DOC-DFM

*Hon. David O. Carter*
Courtroom 9D

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Accompanying Documents:
Notice of Motion and Motion to Dismiss; Declaration of Eric R. Roper; [Proposed] Order

**Date: October 7, 2019**
**Time: 8:30 AM**
**Place: Courtroom 9D**

| | |
|---|---|
| HUMANA HEALTH PLAN OF TEXAS, INC., a Texas corporation; HUMANA HEALTH PLAN, INC., a Kentucky corporation; and HUMANA INSURANCE COMPANY AND HUMANA MEDICAL PLAN, a Wisconsin corporation, and DOES 1 through 20, Inclusive<br><br>Defendants. | Complaint filed: 2/21/2019<br><br>First Amended Complaint filed: 6/7/2019 |

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

# TABLE OF CONTENTS

Page No.(s)

**I.** INTRODUCTION ........ 7

**II.** FACTUAL BACKGROUND ........ 8

A. Allegations in Plaintiff's FAC ........ 8

B. Procedural History ........ 9

**III.** LEGAL STANDARD ........ 9

A. Legal Standard for Dismissal Under Rule 12(b)(6) ........ 9

B. This Court may consider the plan documents ........ 10

**IV.** LEGAL ANALYSIS ........ 11

A. Plaintiff's FAC cannot sustain a claim against Humana Behavioral Health, Inc., Humana Plan of California, Inc., and Humana, Inc. ........ 11

B. Plaintiff lacks derivative standing to sue for benefits because the plans contain anti-assignment provisions which are valid and enforceable. ........ 11

**1.** Plaintiff lacks derivative standing to sue for benefits under ERISA for the four ERISA plans containing anti-assignment provisions ........ 11

**2.** The anti-assignment provisions are also enforceable for the ten plans that are not governed by ERISA. ........ 14

**3.** The anti-assignment provisions are valid and enforceable against Plaintiff. ........ 16

C. Plaintiff has failed to allege facts sufficient to demonstrate it exhausted its administrative remedies for all claims ........ 22

D. Plaintiff fails to state a claim for breach of implied-in-fact contract ........ 23

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

# TABLE OF AUTHORITIES

Page No.(s)

**Cases**

*Allen v. Wright*,
468 U.S. 737 (1984) ........ 10

*Almont Ambulatory Surgery Center, LLC v. UnitedHealth Group, Inc.*,
99 F.Supp.3d 1110, *1134 (C.D. Cal. April 10, 2015) ........ 14

*Amato v. Bernard, et al.*,
618 F.2d 559, 568 (9th Cir. 1980) ........ 22, 23

*Ashcroft v. Iqbal*,
556 U.S 662, 678 (2009) ........ 10

*Aviation W. Charters, Inc. v. United Healthcare Ins. Co.*,
2014 U.S. Dist. LEXIS 158859, *5-6 (D. Ariz. 2014) ........ 14

*Barboza v. California Ass'n of Professional Firefighters*,
651 F.3d 1073, 1076 (9th Cir. 2011) ........ 22

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 570 (2007) ........ 10

*Borg v. Transamerica Ins. Co.*,
47 Cal.App.4th 448, 456 (1996) ........ 15

*Branch v. Tunnell*,
14 F.3d 449 (9th Cir. 1994) ........ 10

*Brand Tarzana Surgical Center Inst. Inc. v. Int'l Longshore & Warehouse Union Pacific Mar. Ass'n Welfare Plan*,
706 Fed.Appx. 442 (9th Cir. 2017) ........ 14, 16

*Brand Tarzana Surgical Inst. v. Int'l Longshore & Warehouse Union-Pacific Maritime Ass'n Welfare Plan*,
2016 U.S. Dist. LEXIS 29639 (C.D. Cal. March 8, 2016) ........ 14, 16

*Butler v. MFA Life Ins. Co.*,
591 F.2d 448, 452 (8th Cir. 1979) ........ 12

*Cal. Surgical Inst., Inc. v. Aetna Life & Cas. (Berm.), Ltd. (California Surgical)*,
2019 U.S. Dist LEXIS 65867, *10-*11 (C.D. Cal. Feb. 6, 2019) ........ 18

*Cedars Sinai Medical Center v. Mid-West Nat. Life Ins. Co.*,
118 F.Supp.2d 1002, 1008 (C.D. Cal. 2000) ........ 24

*Chandler v. Roach*
(1957) 156 Cal.App.2d 435, 440 ........ 24

*Cmty. Hosp. of the Monterey Peninsula v. Aetna Life Ins. Co.*,
119 F.Supp.3d 1042, 1049 (N.D. Cal. 2015) .......... 25

*Davidowitz v. Delta Dental Plan of Cal., Inc.*,
946 F.2d 1476, 1481 (9th Cir. 1991) .......... 13, 14, 17

*DB Healthcare, LLC v. Blue Cross Blue Shield of Ariz., Inc.*,
852 F.3d 868, 874 (9th Cir. 2017) .......... 13

*Diaz v. United Agric. Emp. Welfare Benefit Plan & Trust*,
50 F.3d 1478, 1483 (9th Cir. 1995) .......... 22

*Dual Diagnosis Treatment Ctr., Inc. v. Blue Cross of Cal.*,
2016 U.S. Dist. LEXIS 162166, *112-124 (C.D. Cal. Nov. 22, 2016) .......... 14

*Galbraith v. County of Santa Clara*,
307 F.3d 1119 (9th Cir. 2002) .......... 10

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
896 F.2d 1542 (9th Cir. 1990) .......... 10

*Heimeshoff v. Hartford Life & Accident Insurance Co.*,
571 U.S. 99 (2013) .......... 12

*Ileto v. Glock Inc.*,
349 F.3d 1191, 1200 (9th Cir. 2003) .......... 10

*Johnson v. County of Fresno*,
111 Cal.App.4th 1087, 1096 (2003) .......... 15

*Kashmiri v. Regents of Univ. of Cal.*,
156 Cal.App.4th 809, 829, (2007) .......... 24

*Knievel v. ESPN*,
393 F.3d 1068, 1072 (9th Cir. 2005) .......... 10

*Misic v. Bldg. Serv. Emps. Health & Welfare Tr.*,
789 F.2d 1374, 1377 (9th Cir. 1986) .......... 13

*Montz v. Pilgrim Films & Television, Inc.*,
649 F.3d 975 (9th Cir. 2011) .......... 24

*Nielson v. Synergy Holdings, LLC*,
2016 U.S. Dist. LEXIS 21969, *8 (C.D. Cal. Feb. 22, 2016) .......... 24

*Richman v. Hartley*,
224 Cal. App. 4th 1182, 1186 (2014) .......... 24

*Sgro v. Danone Waters of N. Am., Inc.*,
532 F.3d 940 (9th Cir. 2008) .......... 10

*Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*,
770 F.3d 1282 (9th Cir. 2014) .......... 8, 13, 17

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

*US Airways, Inc. v. McCutchen*,
569 U.S. 88, 96 (2013)........................................................................12

*Varity Corp. v. Howe*,
516 U.S. 489, 497 (1996)................................................................12, 22

*Weitzenkorn v. Lesser*,
40 Cal.2d 778, 794 (1953)..................................................................24

*Western Mining Council v. Watt*,
643 F.2d 618, 624 (9th Cir. 1981)........................................................10

*Whiteside v. Tenet Healthcare Corp.*,
101 Cal.App.4th 693, 702-703 (2002)..............................................15, 23

**Statutes**

29 U.S.C. § 1102(a)(1) ..........................................................................12

29 U.S.C. § 1132 (a)(1)(B) .......................................................................12

Federal Rule of Civil Procedure § 12(b)(6)..............................................9

**Codes**

Cal. Civ. Code § 1621...............................................................................24

Cal. Civ. Code § 1636...............................................................................15

Cal. Civ. Code § 1639...............................................................................15

Cal. Civ. Code §§ 1638, 1644 ..................................................................15

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

# I. INTRODUCTION

In its First Amended Complaint ("FAC"), Plaintiff ABC SERVICES GROUP, INC. ("Plaintiff"), in its capacity as an assignee for the benefit of creditors for medical provider Morningside Recovery, LLC ("Morningside"), seeks additional payment for medical services rendered to patients under health benefit plans insured and/or administrated by Defendants HUMANA BEHAVIORAL HEALTH, INC., HUMANA HEALTH PLAN OF CALIFORNIA, INC., HUMANA, INC., HUMANA INSURANCE COMPANY, HUMANA EMPLOYERS HEALTH PLAN OF GEORGIA, INC., HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., HUMANA HEALTH PLAN OF TEXAS, INC., HUMANA HEALTH PLAN, INC., and HUMANA MEDICAL PLAN (erroneously sued as HUMANA INSURANCE COMPANY AND HUMANA MEDICAL PLAN) (collectively referred to as "Humana"). Specifically, Plaintiff seeks payment for claims for mental health, substance use disorder treatment, and other medical treatment rendered by Morningside to 24 patients insured under various Humana health benefit plans it alleges were unpaid or underpaid by Humana. Plaintiff claims benefits under 29 U.S.C § 1132(a)(1)(B) pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), as well as a claim for breach of implied-in-fact contract under California law.

However, Plaintiff's FAC fails to state a valid claim for relief on multiple grounds. First, the following Humana entities are neither the administrator nor the insurer of the plans at issue and should be dismissed entirely from this action: Humana Behavioral Health, Inc., Humana Health Plan of California, Inc., and Humana, Inc.

Second, Plaintiff cannot sustain a claim for benefits under the health benefit plans where the governing plan contains an anti-assignment provision. Although Plaintiff alleges it has obtained an assignment of benefits from the patients, fifteen

of the twenty-four plans at issue contain a valid and enforceable anti-assignment provision. Without the ability to rely on an assignment, Plaintiff lacks derivative standing to sue for benefits on behalf of these patients. *See Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282 (9th Cir. 2014). Therefore, each of Plaintiff's claims arising from a plan with an anti-assignment provision should be dismissed.

Moreover, although not clearly identified in the FAC as a second claim for relief, Plaintiff also appears to allege a breach of implied-in-fact contract cause of action against Humana for the plans that are not governed by ERISA in this lawsuit. However, Plaintiff has failed to plead factual allegations sufficient to show that Humana's conduct evidenced its intent to enter into a contract with Plaintiff. Accordingly, these claims should also be dismissed.

## II. FACTUAL BACKGROUND

### A. Allegations in Plaintiff's FAC

According to the FAC, Plaintiff brings this action in its capacity as the assignee for the benefit of creditors of Morningside. (FAC, ¶ 12.) Plaintiff alleges that Morningside executed a written assignment and conveyed all of its rights, claims and interests to it, including Morningside's right to prosecute this action for the benefit of its creditors. (*See id.*)

Morningside, a mental and substance use disorder treatment and rehabilitation facility, is an out-of-network provider with respect to Humana. (*Id.*, ¶ 18.) Plaintiff claims that Morningside provided covered health benefits to the patients at issue, who are members of health benefit plans issued and/or administered by Humana. (*See id.*, ¶¶ 22-24, 65-66.) Further, Plaintiff claims that each of the patients executed an assignment of benefits permitting Plaintiff to sue for benefits on their behalf. (*See id.*, ¶ 31.) Plaintiff claims that it exhausted any and all administrative appeals according to the terms of the benefit plans at issue,

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

or alternatively, that following such appeal procedures should be excused as a matter of law because Humana purportedly failed to follow claim procedures and such appeals would be futile. (*See id.*, ¶ 33.)

Plaintiff alleges a claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) under the benefit plans subject to ERISA. (*See id.*, ¶ 93.) For the benefit plans not subject to ERISA, Plaintiff alleges that Humana intended to enter into an implied contract with Plaintiff. (*See id.*, ¶ 105.) Plaintiff seeks a total amount of $1,682,527.12 for the claims at issue.[1]

### B. Procedural History

Plaintiff initially filed its Complaint with this Court on February 20, 2019. (Dkt. 1.) Humana then informed Plaintiff of its intent to file a motion to dismiss Plaintiff's initial Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) based on the Complaint's failure to state a claim upon which relief may be granted. After counsel for both parties engaged in meet and confer efforts, Plaintiff filed its FAC on June 7, 2019. (Dkt. 35.) It is this operative pleading that Humana moves to dismiss.

## III. LEGAL STANDARD

### A. Legal Standard for Dismissal Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint or cause of action where the pleading fails to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim [for] relief that is plausible on

---

[1] The FAC is vague and ambiguous as to the total amount at issue. Some allegations in the FAC claim that the total amount at issue is $1,682,527.12 (*see* FAC, ¶¶ 35, 39, 80), while other allegations seek the total amount of $2,011,504.63 (*see id.*, ¶¶ 96, 98.) Humana proceeds on the assumption that the $1,682,527.12 is the correct amount at issue, since it constitutes the total amount when each of the individual claims listed in paragraphs 40-63 of the FAC are added.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009), *citing Twombly*, 550 U.S. at 556.

In considering a Motion to Dismiss, the Court must accept all factual allegations of the complaint as true and construe those facts, as well as the inferences from those facts, in the light most favorable to Plaintiff. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003), *citing Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Instead, the standing inquiry requires scrutiny over the allegations to ascertain whether the particular plaintiff is entitled to adjudication of the claims asserted. *Allen v. Wright*, 468 U.S. 737, 751-752 (1984).

**B. <u>This Court may consider the plan documents.</u>**

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . ." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555, n. 19 (9th Cir. 1990) (citations omitted.) However, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Courts are allowed to consider ERISA plan documents on a motion to dismiss where the plaintiffs refer to them in their complaint. *Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 943, n.1 (9th Cir. 2008).

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

**IV. LEGAL ANALYSIS**

**A. Plaintiff's FAC cannot sustain a claim against Humana Behavioral Health, Inc., Humana Plan of California, Inc., and Humana, Inc.**

Preliminarily, the only proper defendants in this matter are Humana Insurance Company, Humana Employers Health Plan of Georgia, Inc., Humana Health Benefit Plan of Louisiana, Inc., Humana Health Plan Inc., Humana Health Plan of Texas, Inc., and Humana Medical Plan. (*See* Declaration of Eric R. Roper, filed concurrently herewith, ¶ 3.) Plaintiff's FAC cannot sustain a claim against any of the following Humana entities because they are neither the administrator, nor the insurer of the plans at issue: Humana Behavioral Health, Inc., Humana Health Plan of California, Inc., and Humana, Inc. (*See id.*, ¶ 4.) Therefore, these defendants should be dismissed.

**B. Plaintiff lacks derivative standing to sue for benefits because the plans contain anti-assignment provisions which are valid and enforceable.**

In this action, fourteen[2] out of the twenty-four plans contain anti-assignment provisions within the plan documents. Of those, four[3] are governed by ERISA and ten[4] are not governed by ERISA. Plaintiff cannot sue for benefits under any of these plans because the anti-assignment provisions are valid and enforceable against Plaintiff, thereby depriving Plaintiff of standing to sue.

**1. Plaintiff lacks derivative standing to sue for benefits under ERISA for the four ERISA plans containing anti-**

---

[2] Patients with plans containing anti-assignment provisions: BC, BJ, BK, GG, JJ, JM, JS, LA, LL, RC, TE, WD, WJ, YD.

[3] Patients with ERISA plans containing anti-assignment provisions: BJ, JJ, JM, LL.

[4] Patients with non-ERISA plans containing anti-assignment provisions: BC, BK, GG, JS, LA, RC, TE, WD, WJ, YD.

**assignment provisions.**

***i. Humana has a fiduciary obligation to enforce the terms of the plans.***

Eligibility for benefits is guided by the terms of the plan. *See US Airways, Inc. v. McCutchen*, 569 U.S. 88, 96 (2013), relying on *Heimeshoff v. Hartford Life & Accident Insurance Co.*, 571 U.S. 99 (2013); 29 U.S.C. § 1102(a)(1). "[F]ocus on the written terms of the plan is the linchpin of 'a [regulatory] system that is [not] so complex that administrative costs, or litigation expenses, unduly discourage employers from offering [ERISA] plans in the first place.'" *Heimeshoff*, 571 U.S. at 108, quoting *Varity Corp. v. Howe*, 516 U.S. 489, 497 (1996). For the ERISA regulatory system to work, an insurer, such as Humana, has a "duty […] to see that the plan is 'maintained pursuant to that written instrument.'" *Ibid.*, quoting 29 U.S.C. § 1102(a)(1).

Humana, as a fiduciary and the claims administrator of the plans at issue, has a duty to operate these plans prudently and in the interest of all plan participants and beneficiaries. *See Heimeshoff*, 571 U.S. at 108. In carrying out this obligation, it is required to insist upon the strict performance of the plan terms. *See Butler v. MFA Life Ins. Co.*, 591 F.2d 448, 452 (8th Cir. 1979). Accordingly, the terms of the relevant plans for the patients at issue in this matter control how benefits are administered and paid.

***ii. Plaintiff must establish it has derivative standing to sue for benefits under ERISA on behalf of the patients at issue.***

Pursuant to ERISA, a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. 29 U.S.C. § 1132 (a)(1)(B). However, "health care providers are

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

not 'beneficiaries' within the meaning of ERISA's enforcement provisions" and cannot assert a claim on their own behalf." *DB Healthcare, LLC v. Blue Cross Blue Shield of Ariz., Inc.*, 852 F.3d 868, 874 (9th Cir. 2017). In order for a non-participant health care provider to bring a claim, such as Plaintiff, "it must do so derivatively, relying on its patients' assignments of their benefits claims." *Id.* at 874, 876. The assignment from a plan participant or beneficiary must be valid and enforceable to confer derivative standing. *Misic v. Bldg. Serv. Emps. Health & Welfare Tr.*, 789 F.2d 1374, 1377 (9th Cir. 1986) (per curiam).

Here, Plaintiff contends it has derivative standing to pursue its ERISA claims because it alleged in the FAC that it obtained assignments of rights from the patients for the claims at issue. (*See* FAC, ¶ 31.) However, the plans containing valid and enforceable anti-assignment provision render Plaintiff's purported assignments invalid. Thus, it lacks standing to pursue these claims altogether.

***iii. Anti-assignment provisions in the plan documents are valid and enforceable under ERISA.***

The Ninth Circuit has established that under ERISA, anti-assignment clauses are valid and enforceable. *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1296 (9th Cir. 2014) (anti-assignment clause stating "[y]ou may not assign your Benefits under the Plan to a non-Network provider without our consent" was held to be a valid and enforceable anti-assignment clause); *Davidowitz v. Delta Dental Plan of Cal., Inc.*, 946 F.2d 1476, 1481 (9th Cir. 1991) ("ERISA welfare plan payments are not assignable in the face of an express non-assignment clause in the plan."). Where an anti-assignment clause exists, it "override[s] any purposed assignments." *DB Healthcare, LLC, et al. v. Blue Cross Blue Shield of Arizona, Inc.*, 852 F.3d 868, 876 (9th Cir. 2017).

The district courts within the Ninth Circuit have consistently upheld anti-assignment provisions contained in health benefit plans against health care providers

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

purporting to be assignees of ERISA benefits. *See Dual Diagnosis Treatment Ctr., Inc. v. Blue Cross of Cal.*, 2016 U.S. Dist. LEXIS 162166, *112-124 (C.D. Cal. Nov. 22, 2016) (upholding language in plan documents both absolutely prohibiting and conditionally prohibiting assignment of benefits); *Brand Tarzana Surgical Center Inst. Inc. v. Int'l Longshore & Warehouse Union Pacific Mar. Ass'n Welfare Plan*, 2016 U.S. Dist. LEXIS 29639 (C.D. Cal. March 8, 2016), *aff'm Brand Tarzana Surgical Center Inst. Inc. v. Int'l Longshore & Warehouse Union Pacific Mar. Ass'n Welfare Plan*, 706 Fed.Appx. 442 (9th Cir. 2017) (derivative standing did not exist because a valid anti-assignment provision prevented the assignment of the right to pursue litigation); *Aviation W. Charters, Inc. v. United Healthcare Ins. Co.*, 2014 U.S. Dist. LEXIS 158859, *5-6 (D. Ariz. 2014) (the plaintiff did not have a valid cause of action under ERISA because it was not a plan participant, beneficiary or fiduciary and did not have a valid assignment of benefits); *Almont Ambulatory Surgery Center, LLC v. UnitedHealth Group, Inc.*, 99 F.Supp.3d 1110, *1134 (C.D. Cal. April 10, 2015) ("ERISA welfare plan payments are not assignable in the face of an express non-assignment clause in the plan," citing *Davidowitz*, 946 F.2d at 1481).

Even if Plaintiff is able to prove it obtained assignments from each of the patients at issue, they do not constitute valid assignments under the ERISA plans with some type of provision prohibiting the assignment of rights from the members of the plan to an assignee. Each of these anti-assignment clauses contained in the four plans under ERISA are valid and enforceable against Plaintiff.

**2. The anti-assignment provisions are also enforceable for the ten plans that are not governed by ERISA.**

In addition, to the extent California law controls whether the assignments are valid and enforceable, the anti-assignment clauses yield the same result. Insurance plans are contracts and are interpreted by the rules of construction applicable to

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

contracts. *Whiteside v. Tenet Healthcare Corp.*, 101 Cal.App.4th 693, 702-703 (2002). "Under standard rules of contract interpretation, the mutual intent of the parties at the time the contract was formed governs its construction." *Id;* Cal. Civ. Code § 1636. The parties' intent is derived from the written provisions of the contract. Cal. Civ. Code § 1639. Where the express provisions of an insurance contract are unambiguous, as in this case, the 'clear and explicit' meaning of those provisions, interpreted in their 'ordinary and popular sense,' controls judicial interpretation, unless 'used by the parties in a technical sense, or unless a special meaning is given to them by usage . . . .'" *Borg v. Transamerica Ins. Co.*, 47 Cal.App.4th 448, 456 (1996) citing Cal. Civ. Code §§ 1638, 1644. While it is true that under California law, an assignee "stands in the shoes" of the assignor taking his or her rights and remedies, the assignment is still "…subject to any defenses which the obligor has against the assignor prior to notice of the assignment." *Johnson v. County of Fresno*, 111 Cal.App.4th 1087, 1096 (2003).

Here, ten of the plans are not governed by ERISA but contain valid and enforceable anti-assignment clauses. Humana contends, first and foremost, that Plaintiff has failed to state a cognizable claim to recover under these plans, since Plaintiff only states causes of action for benefits pursuant to ERISA and breach of implied-in-fact contract. However, even if Plaintiff did explicitly state a claim for benefits under the non-ERISA plans, the terms of the plans control. The anti-assignment language contained in the plans are unambiguous, and the clear and explicit meaning should be interpreted in its ordinary and popular sense. Indeed, this District Court has previously upheld anti-assignment provisions in non-ERISA plans pursuant to California law. *See Adel F. Samaan, M.D. v. Aetna Life Insurance Company et al. (Samaan)*, Case No. 2:17-cv-01690-DSF (AGRx), January 14, 2019 Order Re Standing, Exhaustion of Administrative Remedies, and Contractual Limitations, Dkt. 43; *Brand Tarzana Surgical Center v. Aetna Life*

*Insurance Company, et al.*, Case No. 2:18-cv-08080-RGK (ASx), April 11, 2019 Order Granting Motion to Dismiss and Denying Motion to Strike, Dkt. 34.

Thus, under both ERISA and state law, Plaintiff's claims for benefits under the plans with anti-assignment provisions must fail.

**3. The anti-assignment provisions are valid and enforceable against Plaintiff.**

Three[5] of the plans contain an absolute prohibition of assignment entirely. Eleven[6] of the plans contain provisions prohibiting assignment unless Humana provides written consent. Both types of anti-assignment provisions are valid and enforceable against Plaintiff.

***i. The plans containing provisions absolutely prohibiting assignments are enforceable.***

Three of the plans contain language completely prohibiting assignments under the plans. As these anti-assignment provisions are straightforward, the clear and explicit meaning should be interpreted in its ordinary and popular sense. In reviewing the provisions, they unambiguously provide that an assignment is not permissible under any circumstances. Under these circumstances, Plaintiff does not have a valid assignment to sue or the ability to assert derivative standing for these claims in this litigation. *See Brand Tarzana Surgical Center Inst. Inc. v. Int'l Longshore & Warehouse Union Pacific Mar. Ass'n Welfare Plan,* 2016 U.S. Dist. LEXIS 29639 (C.D. Cal. March 8, 2016), aff'm *Brand Tarzana Surgical Center Inst. Inc. v. Int'l Longshore & Warehouse Union Pacific Mar. Ass'n Welfare Plan,* 706 Fed.Appx. 442 (9th Cir. 2017) (derivative standing did not exist because a

---

[5] Patients BJ (ERISA), JJ (ERISA), LL (ERISA).

[6] Patients BC (non-ERISA), BK (non-ERISA), GG (non-ERISA), JM (ERISA), JS (non-ERISA), LA (non-ERISA), RC (non-ERISA), TE (non-ERISA), WD (non-ERISA), WJ (non-ERISA), YD (non-ERISA).

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

valid anti-assignment provision prevented the assignment of the right to pursue litigation); *Aviation W. Charters, Inc. v. United Healthcare Ins. Co.*, 2014 U.S. Dist. LEXIS 158859 at *8 (D. Ariz. 2014)(the plaintiff did not have a valid cause of action under ERISA because it was not a plan participant, beneficiary or fiduciary and did not have a valid assignment of benefits.).

Given that anti-assignment clauses are enforceable, Plaintiff does not have a valid assignment to stand in the shoes of the participants and sue for benefits under their health benefit plans. As Plaintiff cannot establish it has derivative standing to sue Humana, it is prohibited from proceeding with these claims. See S*pinedex*, 770 F.3d at 1296; *Davidowitz*, 946 F.2d at 1481.

***ii. The plans containing conditional anti-assignment provisions are enforceable.***

Here, eleven of the plans contain conditional assignments making it clear that benefits may only be assigned with the written consent of Humana. For example, in the Individual Major Medical Policy #H41450878, it states: "Assignment of benefits may be made only with *our* consent. An assignment is not binding until *we* receive and acknowledge in writing the original or copy of the assignment before payment of the benefit. *We* do not guarantee the legal validity or effect of such assignment." (See p. 46.) The other plans with conditional assignment provisions are worded similarly.

Conditional assignments such as these have been upheld by the Ninth Circuit and its district courts. See *Spinedex*, 770 F.3d 1282 at 1296 (anti-assignment clause stating "[y]ou may not assign your Benefits under the Plan to a non-Network provider without *our* consent" was held to be a valid and enforceable anti-assignment clause); *Aviation W. Charters, Inc. v. United Healthcare Ins. Co.*, 2014 U.S. Dist. LEXIS 158859 at *4, 9 (D. Ariz. 2014); *Cal. Surgical Inst., Inc. v. Aetna Life & Cas. (Berm.), Ltd. (California Surgical)*, 2019 U.S. Dist LEXIS 65867, *10-

*11 (C.D. Cal. Feb. 6, 2019) ("Here, the language in the anti-assignment provision [in a non-ERISA plan] is unambiguous and clearly prohibits both assignment to an out-of-network provider and an assignment without written consent . . . . Thus, the Court finds that CA Surgical does not have standing based on a valid assignment.").

In this case, Plaintiff has not pled in the FAC that it obtained written consent from Humana as to the assignment, which is required for the assignment to be valid under the terms of these plan. Thus, there is no dispute that Plaintiff did not fulfill the conditions required for an assignment to be valid. Since Plaintiff is unable to fulfill the conditions set forth by the plan for an assignment of benefits to be valid, it follows that it cannot establish derivative standing to sue for benefits under these plans. Accordingly, as Plaintiff has failed to state a claim for benefits governed by conditional assignments, these claims should be dismissed.

In sum, provided is a summary of the anti-assignment provisions in the fourteen members' plans and the governing law:

| | **Member** | **Plan Governed by ERISA or State Law** | **Type of Anti-Assignment Provision** | **Assignment Provision** |
|---|---|---|---|---|
| 1. | BC | State Law | Conditional Prohibition | Assignment of benefits not permitted without written consent. |
| 2. | BJ | ERISA | Absolute Prohibition | "Assignment of benefits is prohibited; however, you may request that we direct a |

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

| | | | | |
|---|---|---|---|---|
| | | | | payment of selected medical benefits to the health care provider on whose charge the claim is based. If we consent to this request, we will pay the health care provider directly." |
| 3. | BK | State Law | Conditional Prohibition | Assignment of benefits not permitted without written consent. |
| 4. | GG | State Law | Conditional Prohibition | Assignment of benefits not permitted without written consent. |
| 5. | JJ | ERISA | Absolute Prohibition | "Assignment of benefits is prohibited; however, you may request that we direct a payment of selected medical benefits to the health care provider on whose charge the claim is based…" |
| 6. | JM | ERISA | Conditional Prohibition | Assignment of benefits not permitted without written consent. |
| 7. | JS | State Law | Conditional Prohibition | Assignment of benefits not permitted without written consent. |

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

| | | | | |
|---|---|---|---|---|
| 8. | LA | State Law | Conditional Prohibition | Assignment of benefits not permitted without written consent. |
| 9. | LL | ERISA | Absolute Prohibition | "Except as specified and as required by law, assignment of benefits is prohibited. However, you may request that we direct a payment of selected medical benefits to the health care provider on whose charge the claim is based. If we consent to this request, we will pay the health care provider directly. Such payments will not constitute the assignment of any legal obligation to the non-network provider." |
| 10. | RC | State Law | Conditional Prohibition | Assignment of benefits not permitted without written consent. |

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

| | | | | |
|---|---|---|---|---|
| 11. | TE | State Law | Conditional Prohibition | Assignment of benefits not permitted without written consent. |
| 12. | WD | State Law | Conditional Prohibition | Assignment of benefits not permitted without written consent. |
| 13. | WJ | State Law | Conditional Prohibition | Assignment of benefits not permitted without written consent. |
| 14. | YD | State Law | Conditional Prohibition | "A covered person may assign his or her right to receive Plan benefits to a health care provider only with the consent of Humana, in its sole discretion, except as may be required by applicable law. Assignments must be in writing. If a document is not sufficient to constitute an assignment, as determined by Humana, then this Plan will not consider an assignment to have been made. An assignment is not binding on this Plan until Humana receives and acknowledges in |

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

| | | | | |
|---|---|---|---|---|
| | | | | writing the original or copy of the assignment before payment of the benefit." |

### C. <u>Plaintiff has failed to allege facts sufficient to demonstrate it exhausted its administrative remedies for all claims</u>

The remaining ten[7] plans do not contain provisions prohibiting assignment to a provider, but are all governed by ERISA. Members are required to exhaust their administrative remedies as set forth in the plan documents before filing a lawsuit. Even if Plaintiff is found to be an alleged assignee, which Humana disputes, it must still exhaust the administrative remedies required by the plan before filing a lawsuit. See *Diaz v. United Agric. Emp. Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995) (prior to bringing an ERISA claim, a plaintiff must exhaust administrative remedies under the relevant benefit plan); *Barboza v. California Ass'n of Professional Firefighters*, 651 F.3d 1073, 1076 (9th Cir. 2011); *Amato v. Bernard, et al.*, 618 F.2d 559, 568 (9th Cir. 1980).

The plan documents setting forth the exhaustion and other requirements are the lynchpin of the ERISA regulatory system and must be followed. *See Varity Corp.*, 516 U.S. at 497. Part of Humana's duty in adhering to the plan terms requires that participants follow the exhaustion procedures. These procedures have become crucial to the ERISA regulatory system because the exhaustion requirements "help reduce the number of frivolous lawsuits under ERISA;…promote the consistent treatment of claims for benefits;…provide a non-adversarial method of claims settlement; and…minimize the costs of claims

[7] Plans for Patients BA, DD, DM, GB, KL, MK, MT, RK, TM, and WS.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

settlement of all concerned." *Amato*, 618 F.2d at 567. Consequently, and barring exception, "the federal courts have the authority to enforce the exhaustion requirement in suits under ERISA, and… as a matter of sound policy they should usually do so." *Id.* at 568. Similarly, the non-ERISA plans also contain contractual provisions requiring that the appeals procedures be exhausted before a lawsuit is filed. These provisions contained within the benefit plans or contracts are interpreted by the rules of construction applicable to contracts. *Whiteside,* 101 Cal.App.4th at 702-703.

However, in this case, there are scant allegations regarding the exhaustion of the administrative process. The allegations in this regard are extremely general. For instance, Plaintiff alleges that "Plaintiff and/or the Patients have exhausted any and all…appeal requirements." (FAC, ¶ 32). Plaintiff alternatively pleads that these exhaustion procedures were excused because they would violate Plaintiff's right to due process and are futile. (*Id.*, ¶ 33.) However, there is no specific discussion about how or when the administrative remedies were exhausted, why and how Plaintiff's due process rights were violated, or why any attempt to appeal would be futile. Plaintiff has not adequately pled sufficient facts to demonstrate the administrative remedies have been exhausted as required by the plans and, therefore, cannot properly bring forth this lawsuit. Thus, all of Plaintiff's claims should be dismissed.

**D. <u>Plaintiff fails to state a claim for breach of implied-in-fact contract</u>**

Although not clearly identified in the FAC as a second claim for relief, paragraph 105 of the FAC alleges "Plaintiff is informed and believes, and based thereon alleges, that Humana intended to enter into an implied contract with Plaintiff […]." Importantly, the breach of implied contract cause of action would pertain only to the claim for benefits under plans not governed by ERISA,

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

therefore subject to California law.

To succeed on a breach of contract cause of action, "the plaintiff must prove '(1) the existence of a contract; (2) plaintiff's performance or excuse for non-performance; (3) defendant's breach and (4) damage to plaintiff that was proximately caused by defendant's breach.'" *Nielson v. Synergy Holdings, LLC*, 2016 U.S. Dist. LEXIS 21969, *8 (C.D. Cal. Feb. 22, 2016) (citing *Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (2014)). A cause of action for breach of implied contract has the same elements as does a cause of action for breach of contract, except that the promise is not expressed in words but is implied from the promisor's conduct. *Chandler v. Roach* (1957) 156 Cal.App.2d 435, 440.

Contracts are implied in fact where the parties' actions evince an intention to create a binding contract. *See Weitzenkorn v. Lesser*, 40 Cal.2d 778, 794 (1953). Unlike quasi-contracts or contracts implied in law, contracts implied in fact reflect the parties' actual intentions. *Id.*; *see also Montz v. Pilgrim Films & Television, Inc.*, 649 F.3d 975 (9th Cir. 2011). "An implied [in fact] contract is one, the existence and terms of which are manifested by conduct." Cal. Civ. Code § 1621. Whether the parties' conduct creates an implied contract-in-fact is a question of fact determined by looking at the totality of the circumstances. *Kashmiri v. Regents of Univ. of Cal.*, 156 Cal.App.4th 809, 829, (2007).

Here, Plaintiff essentially alleges that it contacted Humana to obtain a verification of benefits for the Patients and to obtain authorization for the services, thereby creating an implied contract. (*See* FAC, ¶¶ 70, 104-105.) However, neither a verification of benefits nor prior authorization for medical procedures as medically necessary constitute any intent by Humana to enter into an implied contract with Plaintiff to pay the amount it seeks for the claims. *See, e.g.*, *Cedars Sinai Medical Center v. Mid-West Nat. Life Ins. Co.*, 118 F.Supp.2d 1002, 1008 (C.D. Cal. 2000) ("verification [of benefit eligibility] cannot objectively be

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

interpreted as consent to contract").

For example, in *Cmty. Hosp. of the Monterey Peninsula v. Aetna Life Ins. Co.*, 119 F.Supp.3d 1042, 1049 (N.D. Cal. 2015), the plaintiff hospital similarly tried to argue that Aetna's verifications of the patient's benefits and authorization of services amounted to a "mutual agreement" that Aetna would pay the hospital for all billed charges incurred as a result of the care. However, the Court found that:

> "CHOMP's expectation of 100 percent payment of billed charges […] is irreconcilable with the underlying evidence presented to the court. During Aetna's first authorization call, it explicitly notified CHOMP that the patient was 'an out of network admit.' Indeed Aetna's subsequent authorization letter for the July visit 'informed CHOMP that they would be paid at an out-of-network of non-preferred benefit level for non-emergent services and that Aetna had not yet verified dollar limits under the plan.'" *Id.*

The Court ultimately held that, based on the fact that the hospital regularly interacted with the insurance providers and the standard of practice in the industry, no reasonable jury could find Aetna's authorization constituted a promise to pay the hospital 100% of its billed charges. *See id.*

Similarly, here, Humana's actions of verifying eligibility for benefits or pre-authorizing services do not constitute a promise by Humana to pay Plaintiff what it seeks in this action. Payment of the claim, much less payment of full-billed charges, is not guaranteed simply because services are pre-authorized as medically necessary. With regards to payment of the claims, there are several other factors that must be considered during the process of claims administration, including the actual health services received, the plan benefit language as to covered benefits, and other reimbursement guidelines and policies, before payment can be issued. Therefore, Humana verifying eligibility for benefits and pre-authorizing services

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

do not, in and of themselves, constitute a guarantee by Humana that it would pay Plaintiff the amount it seeks for the services rendered. Indeed, Plaintiff has failed to allege facts evidencing the actions Humana took to indicate it intended to create a binding contract with Plaintiff. There was no meeting of the minds, and no contract between the parties was created. Accordingly, this cause of action should be dismissed.

**V. CONCLUSION**

Plaintiff has failed to demonstrate it has the requisite derivative standing necessary to bring forth a claim for payment in this case, under both ERISA and state law. Moreover, even if Plaintiff could establish that it had standing, it has failed to adequately plead that it exhausted the administrative remedies required by the terms of the plans. Finally, Plaintiff has failed to plead facts sufficient to support its claim for a breach of implied-in-fact contract because it has not demonstrated how Humana acted in a way evidencing its intent to pay Plaintiff the amount it seeks for the claims at issue. Accordingly, as Plaintiff has failed to state a claim upon which relief may be granted to it, Humana requests that this Court dismiss the FAC in its entirety.

Dated: August 8, 2019

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/Ronald K. Alberts*
Ronald K. Alberts
Sylvia Joo
Attorneys for Defendants