1 | GARNER HEALTH LAW CORPORATION
2 | CRAIG B. GARNER (CA SBN 177971)
craig@garnerhealth.com
3 | T. MARK TUBIS (CA SBN 323083)
mark@garnerhealth.com
4 | 13274 Fiji Way, Suite 250
Marina Del Rey, CA 90292
5 | Telephone: (310) 458-1560
Facsimile: (310) 694-9025
6 |
7 | SQUIRES, SHERMAN & BIOTEAU, LLP
ROCHELLE J. BIOTEAU (CA SBN 228348)
8 | Rochelle@ssbllp.com
1901 1st Avenue, Suite 415
9 | San Diego, CA 92101
Telephone: (619) 696-8854
10 | Facsimile: (619) 6968190
11 |
12 | Attorneys for PLAINTIFF ABC SERVICES GROUP, INC., in its capacity as assignee for the benefit of creditors of MORNINGSIDE RECOVERY, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ABC SERVICES GROUP, INC., *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>HUMANA BEHAVIORAL HEALTH, INC., *et al.,*<br><br>Defendants. | Case No. 8:19-cv-00317-DOC-DFM<br><br>Hon. David O. Carter<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[FILED CONCURRENTLY WITH DECLARATION OF CRAIG B. GARNER]<br><br>Hearing Date:  October 7, 2019<br>Hearing Time:  8:30 a.m.<br>Courtroom:         9D |

TO THE HON. DAVID O. CARTER, TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD: Plaintiff ABC Services Group, Inc. ("ABC"), in its capacity as assignee for the benefit of creditors of Morningside Recovery, LLC, a California limited liability company ("Morningside" and ABC collectively "Plaintiff") respectfully submits this Memorandum of Points and Authorities in opposition to the Motion to Dismiss the First Amended Complaint (the "Motion to Dismiss") (ECF No. 73) filed by Defendants Humana Behavioral Health, Inc., Humana Health Plan of California, Inc., Humana Inc., Humana Insurance Company, Humana Employers Health Plan of Georgia, Inc., Humana Health Benefit Plan of Louisiana, Inc., Humana Health Plan of Texas, Inc., Humana Health Plan, Inc. and Humana Medical Plan (erroneously sued as Humana Insurance Company and Humana Medical Plan) (collectively "Humana" or "Defendants"). Based upon the arguments set forth below, Plaintiff respectfully requests that this Court deny the Motion to Dismiss and Order Defendants to answer the First Amended Complaint ("FAC"). (ECF No. 35.) In the alternative, Plaintiff seeks leave to amend its operative complaint as set forth below.

Respectfully Submitted,

Dated: September 16, 2019       GARNER HEALTH LAW CORPORATION

By: */s/ Craig B. Garner*
     Craig B. Garner
Attorneys for PLAINTIFF ABC SERVICES GROUP, INC., in its capacity as assignee for the benefit of creditors of MORNINGSIDE RECOVERY

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 1

I.   INTRODUCTION ............................................................................................. 1

II.  PROCEDURAL BACKGROUND AND SUMMARY OF
     ARGUMENT ..................................................................................................... 3

III. LEGAL STANDARD OF REVIEW ............................................................... 4

   A.   Motion to Dismiss ..................................................................................... 4

   B.   Standard for ERISA .................................................................................. 4

IV. DEFENDANTS SHOULD BE ORDERED TO ANSWER PLAINTIFF'S
    FIRST CLAIM FOR RELIEF .......................................................................... 5

   A.   Humana Has Provided No Basis to Dismiss Humana Behavioral Health,
        Inc., Humana Health Plan of California, Inc. and Humana, Inc. ............. 5

   B.   Anti-Assignment Provisions Under ERISA ............................................. 6

   C.   The Anti-Assignment Provisions in the First Amended Complaint ........ 8

   D.   Anti-Assignment Provisions for the Non-ERISA Governed Plans Are
        Unenforceable ........................................................................................... 9

   E.   Plaintiff Has Pled Sufficient Facts with Respect to Exhausting
        Administrative Remedies ....................................................................... 11

V.  CONCLUSION ............................................................................................... 12

# **TABLE OF AUTHORITIES**

**CASES**

*Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006). ------------------ 6

*American Orthopedic & Sports Med. v. Independent Blue Cross Blue Shield*, 890 F.3d 445 (3d Cir. 2018) ------------------------------------------------------------ 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ----------------------------------------------- 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ----------------------------------- 5

*Bel-Ray Co. v. Chemrite Ltd.*, 181 F.3d 435 (3d Cir. 1999) --------------------------- 9

*Bogue v. Ampex Corp.*, 976 F.2d 1319 (9th Cir. 1992) ------------------------------- 6

*Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369 (3d Cir. 2015) ---------------------- 9

*Coast Plaza Doctors Hospital v. UHP Healthcare*, 105 Cal. App. 4th 693 (1992) ----------------------------------------------------------------------------- 12

*Dual Diagnosis Treatment Ctr., Inc. v. Blue Cross of Cal.*, No. SACV 15-0736-DOC (DFMx), 2016 WL 6892140 (C.D. Cal., Nov. 22, 2016) --------------------- 5

*Firestone Tire and Rubber Co. v. Brush*, 489 U.S. 101 (1989) --------------------- 6, 8

*Harlick v. Blue Shield of Cal.*, 686 F.3d 699 (9th Cir. 2012) ---------------------------- 3

*Harris Methodist Forth Worth v. Sales Support Serv. Inc. Employee Health Plan*, 426 F.3d 330 (5th Cir. 2005) --------------------------------------------------------- 8

*Kearney v. Standard Ins. Co.*, 175 F.3d 1084 (9th Cir. 1999) --------------------------- 6

*Mahlon D. v. Cigna Health and Life Ins. Co.*, 291 F. Supp. 3d 1029 (N.D. Cal. 2018) ---------------------------------------------------------------------- 3

*Misic v. Building Serv. Employees Health & Welfare* Trust, 789 F.2d 1374 (9th Cir. 1986); --------------------------------------------------------------------- 8, 9

*Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41 (1938) -------------------------- 7

*Operating Engineers' Local No. 428 Pension Trust Fund v. Zamborsky*, 650 F.2d 196 (9th Cir. 1981) -------------------------------------------------------------- 10

*Singletary v. United Parcel Service, Inc.*, 828 F.3d 342 (5th Cir. 2016) ---------------- 2

*Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005 (9th Cir. 2012) ------------------ 5

*Snyder v. Unum Life Ins. Co. of Am.*, No. CV 13-07522 BRO (RZx)
  2014 WL 7734715 ---------------------------------------------------------------------- 7

*Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*,
  770 F.3d 1282 (9th Cir. 2014) ------------------------------------------------------- 8

**STATUTES**

29 U.S.C. § 1132 ........................................................................................................ 3

42 U.S.C. § 18022 ..................................................................................................... 2

42 U.S.C. § 300gg-26 ............................................................................................... 3

Cal. Health & Safety Code § 1374.72 ...................................................................... 3

California Mental Health Parity Act ........................................................................ 2

Employee Retirement Income Security Act of 1974 ..................................... *passim*

Health Care and Education Reconciliation Act of 2010, Pub. L. 111-152 ............. 2

Patient Protection and Affordable Care Act (the "ACA"), Pub. L. 111-14 ............ 2

*Paul Wellstone-Pete Domenici Mental Health Parity and Addiction Equity Act of
  2008* .................................................................................................................... 2

**RULES**

Fed. R. Civ. Proc.12(b)(6) ....................................................................................... 6

Fed. R. Civ. Proc. 8(a)(2) ........................................................................................ 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In just under twenty pages, Humana essentially sets forth one main argument in support of its Motion to Dismiss. Disguised as a lawsuit pleading, Humana's treatise on anti-assignment provisions set forth within qualified health plans under the Employee Retirement Income Security Act of 1974 ("ERISA") is generally correct, at least as the law now stands in the Ninth Circuit. As it relates to non-ERISA health plans, however, as set forth below, Humana is not correct.[1] Finally, as it relates to this lawsuit, Humana is not accurate.

For the rest of the Motion to Dismiss, Plaintiff is not entirely sure how to respond. In amending the complaint in this lawsuit, Plaintiff added certain parties based upon representations from counsel for Humana. (*See* Declaration of Craig B. Garner ("Garner Decl."), ¶ 2.). If there was an issue with the three named Defendants for which Humana now mandates dismissal, it was omitted from the discussion about adding parties. While Plaintiff is not interested in pursuing claims against the wrong parties, Plaintiff does not have sufficient information to make such a decision at this early stage of the litigation.

ERISA on its own is challenging enough, *see e.g., Singletary v. United Parcel Service, Inc.,* 828 F.3d 342, 347 (5th Cir. 2016) ("As all who wrest with it know, ERISA is complicated."), but this lawsuit also must contemplate the *2010 Patient Protection and Affordable Care Act* (the "ACA"), Pub. L. 111-148, as amended by

---

[1] Notwithstanding, Plaintiff intended to bring just one claim for relief against Humana under ERISA. Plaintiff received plan documents from Humana, and then Plaintiff amended its complaint. As set forth below, if this lawsuit now includes ERISA and non-ERISA plans, Plaintiff may need to amend again, and the scope of leave Plaintiff seeks from this Court is discussed below as well.

the *Health Care and Education Reconciliation Act of 2010*, Pub. L. 111-152, which required as of 2014 the inclusion of mental health and substance abuse services in the essential health benefits package for qualified health plans. *See* 42 U.S.C. § 18022(b)(1)((E); 45 C.F.R. § 147.150. At the same time, the *Paul Wellstone-Pete Domenici Mental Health Parity and Addiction Equity Act of 2008* ("MHPAEA") requires that any group health plan that includes mental health and substance use benefits as well as medical and surgical coverage, to treat them the same with respect to out-of-pocket costs, benefit limits and other practices.[2] *See* 42 U.S.C. § 300gg-26(a)(1)-(3). This specifically includes out-of-network providers, *see* 42 U.S.C. § 300gg-26(a)(5), such as Morningside.

When the ACA combined with MHPAEA, mental health parity finally reached self-funded health plans covering more than fifty employees, an extension previously prevented by ERISA.[3] To be sure, the trifecta of ERISA, the ACA and MHPAEA may complicate the path by which a provider challenges the reimbursement of a payor, but Congress did not intend any one or a combination of all three behemoth acts to create an impenetrable barrier between the provider and reimbursement for

---

[2] The California legislature enacted the California Mental Health Parity Act ("CMHPA") in 1999, in part because "[m]ost private health insurance policies provide coverage for mental illness at levels far below coverage for other physical illnesses." *See Harlick v. Blue Shield of Cal.,* 686 F.3d 699, 710 (9th Cir. 2012) (internal quotations omitted); Cal. Health & Safety Code § 1374.72.

[3] As of January 1, 2017, individual or small group health insurance policies issued, amended or renewed must also include coverage for the essential health benefits under the ACA. *See Mahlon D. v. Cigna Health and Life Ins. Co.*, 291 F. Supp. 3d 1029, 1032 (N.D. Cal. 2018).

delivery of health care services. Humana's motion, however, does not get much beyond issues of assignment.

## II. PROCEDURAL BACKGROUND AND SUMMARY OF ARGUMENT

Plaintiff filed the Complaint against Defendants on February 20, 2019 (ECF No. 1), alleging a claim for relief under ERISA, 29 U.S.C. § 1132(a)(1)(b), as well as supplemental claims for relief under California law. Pursuant to a Joint Stipulation between all parties and Order thereon (ECF Nos. 32-33), Plaintiff filed its First Amended Complaint on June 7, 2019 alleging just one claim for relief under ERISA, 29 U.S.C. § 1132(a)(1)(B) (ECF No. 35).

The First Amended Complaint (1) includes a list of health insurance plans ("Plans") at issue (ECF No. 35, 12:12 to 15:9), (2) identifies a representative list of treatment and services that support Plaintiff's claims (*id.*, 15:23 to 16:2), (3) lists the claims amount at issue by random two-letter codes, for purposes of identification and to protect each insured's privacy, and (4) ties each claims amount to each identified plan (*id.*, 16:6 to 18:27). Copies of the Plans have been filed under seal pursuant to a Stipulated Protective Order (ECF No. 31), Application to File the Plans Under Seal (ECF No. 36) and Order from this Court (ECF No. 61). In response to the First Amended Complaint, Humana filed the Motion to Dismiss on August 8, 2019 (ECF No. 73), setting it for hearing on October 7, 2019, consistent with this Court's Order Rescheduling Scheduling Conferences and Pending Motions dated July 22, 2019 (ECF No. 69).

Notwithstanding the difficulty in trying to ascertain if the claims at issue are subject to an ERISA plan, and if so, is there a provision within that plan preventing its assignment for purposes of this case, Plaintiff's ultimate demand is simple: Morningside sought authorization from Defendants and in reliance on those authorizations, provided treatment to Defendants' insureds. Defendants then refused to pay or underpaid on the claims at issue.

### III.   LEGAL STANDARD OF REVIEW

#### A.   Motion to Dismiss

Federal Rule of Civil Procedure ("FRCP") 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In analyzing the complaint's sufficiency, a court must "accept[ ] all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012); *Dual Diagnosis Treatment Ctr., Inc. v. Blue Cross of Cal.*, No. SACV 15-0736-DOC (DFMx), 2016 WL 6892140, at * 2 (C.D. Cal., Nov. 22, 2016)

#### B.   Standard for ERISA

Under ERISA, a plan participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The Supreme Court held that a "denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).[4] A plan

---

[4]   "[I]f the plan does confer discretionary authority as a matter of contractual agreement, then the standard of review shifts to abuse of discretion." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006).

administrator has such discretion only "where discretion [is] 'unambiguously retained' by the administrator." *Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1090 (9th Cir. 1999) (*en banc*) (quoting *Bogue v. Ampex Corp.*, 976 F.2d 1319, 1325 (9th Cir. 1992). The plan administrator bears the burden of proving that the plan language unambiguously grants the plan administrator such discretionary authority. *See Kearney*, *supra,* 175 F.3d at 1089 (noting "the default is that the administrator has no discretion, and the administrator has to show that the plan gives it discretionary authority in order to get any judicial deference to its decision"); *see also Thomas v. Oregon Fruit Products Co.,* 228 F.3d 991, 994 (9th Cir. 2000) (noting plan administrator "carries the burden of showing that the policy is unambiguous").

It is also possible that the summary plan descriptions (the "SPDs") in Defendants' possession may assist in determining which standard of review to apply, further supporting the imperative need for all of the plan documents in Defendants' possession. *See generally Snyder v. Unum Life Ins. Co. of Am.*, No. CV 13-07522 BRO (RZx), 2014 WL 7734715 at *3 (C.D. Cal. 2014). If not timely disclosed pursuant to Rule 26(a) of the Fed. R. Civ. Proc., the Court can deny the introduction of the document altogether.

### IV. DEFENDANTS SHOULD BE ORDERED TO ANSWER PLAINTIFF'S FIRST CLAIM FOR RELIEF

#### A. Humana Has Provided No Basis to Dismiss Humana Behavioral Health, Inc., Humana Health Plan of California, Inc. and Humana, Inc.

Other than a paragraph in the Motion to Dismiss (ECF No. 73-1, 11:5-13) and declaration not relevant for purposes of a FRCP 12(b)(6), Humana has provided no reason why Plaintiff should dismiss these three named defendants. While Plaintiff is not interested in pursuing claims against the wrong entities, this is an issue upon which Plaintiff is entitled to additional information before deciding, or before being

ordered to decide, no matter how simple it may appear to Humana. *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 51-52 (1938) ("Lawsuits also often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact.").

### B. Anti-Assignment Provisions Under ERISA

Health care providers that rendered care to ERISA plan beneficiaries or participants have standing to sue for ERISA benefits when they obtain an assignment "of the beneficiaries' right to reimbursement for the cost of that care." *Misic v. Building Serv. Employees Health & Welfare* Trust, 789 F.2d 1374, 1377 (9th Cir. 1986); *see also Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282, 1291 (9th Cir. 2014) (confirming that providers with a valid assignment also have Article III standing). "It is well established that a healthcare provider, though not a statutorily designated ERISA beneficiary, may obtain standing to sue derivatively to enforce an ERISA plan beneficiary's claim." *Harris Methodist Forth Worth v. Sales Support Serv. Inc. Employee Health Plan,* 426 F.3d 330, 333-34 (5th Cir. 2005).

When it comes to ERISA, the federal courts are expected to fill in such statutory gaps "by developing, in light of reason, experience, and common sense, a federal common law of rights and obligations imposed by this statute." *American Orthopedic & Sports Med. v. Independent Blue Cross Blue Shield*, 890 F.3d 445, 451 (3d Cir. 2018); *see generally Firestone Tire and Rubber Co. v. Brush*, 489 U.S. 101 (1989).

There is nothing unique about anti-assignment provisions contained within ERISA, although Federal Courts have eviscerated the impact of such provisions for employee welfare benefit plans. Absent a clear showing that a provision was intended to limit the *power* to assign, such a provision is only to be interpreted as a covenant not to assign with the assignor retaining his or her ability, *i.e.*, power, to give an assignment. *See, e.g., Bel-Ray Co. v. Chemrite Ltd.,* 181 F.3d 435, 442 (3d

Cir. 1999); *see also N. Jersey Brain & Spine Ctr. v. Aetna, Inc.,* 801 F.3d 369, 371-372 (3d Cir. 2015).

In *Misic*, 789 F.2d at 1377, the Court limited ERISA's anti-assignment provisions "[t]o further ensure that the employee's accrued benefits are actually available for retirement purposes." The Court added that the "pension anti-assignment provision serves the general goal of ERISA: 'to assure that individuals who have spent their careers in useful and socially productive work will have adequate income to meet their needs when they retire.'" *Id.* at 1377 (quotations omitted). The Ninth Circuit made clear in *Misic* that:

> Neither the specific purpose of the anti-assignment provision nor the general goal of the statute would be served by prohibiting the type of assignments involved in this case – assignment to the person who provided the beneficiary with the health care of the beneficiaries right to reimbursement for the cost of that care.  Health and welfare benefit trusts are designed to finance health care.  Assignment of trust monies to heath care providers results in precisely the benefit the trust is designed to provide and the statue is designed to protect.  Such assignments also protect beneficiaries for making it unnecessary for health care providers to evaluate the solvency of patients before commencing medical treatment, and by eliminating the necessity for beneficiaries to pay potentially large medical bills and await compensation from the plan.  Moreover, assignments permit a trust fund to obtain improved benefits for beneficiaries by bargaining with health care providers for better coverage and lower rates.

*Id.*; *see also Operating Engineers' Local No. 428 Pension Trust Fund v. Zamborsky*, 650 F.2d 196, 200 (9th Cir. 1981) (noting that the Department of the Treasury and the Department of Labor, agencies charged with enforcing ERISA, have urged the Court to find this implied exception in other cases).

Plaintiff's First Amended Complaint alleges that it obtained a written assignment of benefits from each insured that irrevocably assigned all rights to benefits under Defendants' plans to Morningside.  (ECF No. 35, 11:5-19.)  Plaintiff, as the assignee for the benefit of creditors of Morningside's assignment, seeks enforcement of those valid assignments.  (*See ABC Services Group, Inc. v. United Healthcare Services, Inc., et al.*, Case No. 19-cv-00531-DOC ("United Litigation"), ECF No. 31*,* at 6-7.)

### C. The Anti-Assignment Provisions in the First Amended Complaint

Humana contends that four plans under ERISA contain valid anti-assignment clauses (ECF 73-1, 11:17 to 14:22), and Humana references these four patients in its chart as members BJ (Exhibit "C", filed under seal (ECF No. 37-1)), JJ (Exhibit "Z", filed under seal (ECF No. 37-2)), LL (Exhibit "M", filed under seal (ECF No. 37-1)) and JM (Exhibit "L", filed under seal (ECF No. 37-1)).  (*See* ECF 73-1, 18:15 to 20:21.)[5]

Plans generally contend that as it relates to the patients' authorized representative, a claim must be in the name and for the benefit of the *patient*, but when there is an assignment, the claim is for the benefit of the *provider*.  *See, e.g., Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1143 (C.D. Cal. 2015). There is no reason, however, why the assignment cannot accomplish both. In fact, it makes sense that a health care provider would ask patients to convey both statuses.

While health care providers must be assignees of participants or beneficiaries to have standing under ERISA's civil enforcement provision, ERISA regulations

---

[5]   Exhibit "C" is a strict prohibition.  Exhibit "Z" also strictly prohibits assignments.  Exhibit "M" generally prohibits assignment, but permits for the request that payment is directed elsewhere. Exhibit "L" authorizes an assignment with the consent of Humana.  Defendants made a partial payment on this claim, which would indicate approval of an assignment previously.

require that an employee benefit plan's "claims procedures do not preclude an authorized representative of a claimant from acting on behalf of such claimant in pursuing a benefit claim or appeal of an adverse benefit determination." 29 C.F.R. § 2560.503- 1(b)(4). As a result, a health care provider may wish to be an assignee and an authorized representative to be able to pursue a full range of legal and administrative remedies.

Notwithstanding the Ninth Circuit's strict enforcement of anti-assignment provisions for qualified ERISA plans, Defendants contend that only four "are governed by ERISA." (ECF No. 73-1, 11:18-19.)  As set forth above, however, Plaintiff agrees with Plaintiff unconditionally as to two of the four claims (Patients BJ and JJ).  The third most likely falls within the assignment prohibition (Patient LL), but the last one, Patient JM, is not clear as partial payment was previously made, and Plaintiff needs additional facts, thereby placing this outside the scope on a motion to dismiss.

### D. Anti-Assignment Provisions for the Non-ERISA Governed Plans Are Unenforceable

To the extent ERISA does not govern these plans but California law controls, Plaintiff seeks leave to amend for these non-ERISA governed plans.  Specifically, Plaintiff seeks leave to include a claim for relief for breach of contract (assignment) and/or *quantum meruit*, which California law does not restrict, even if the plan itself states otherwise. *See, e.g., Coast Plaza Doctors Hospital v. UHP Healthcare*, 105 Cal. App. 4th 693, 702 (1992) (holding an implied agreement existed between the provider and the payer).  At a minimum, this is not an issue of which Defendants can dismiss by FRCP 12(b)(6). *Enloe Medical Ctr. v. Principal Life Ins. Co.*, 2011 WL 6396517, at * 9 (E.D. Cal. Dec. 20, 2011) (denying motion for summary judgment and preserving common law claims for plaintiff hospital).

//
//

### E. Plaintiff Has Pled Sufficient Facts with Respect to Exhausting Administrative Remedies

Humana next argues that "[m]embers are required to exhaust their administrative remedies as set forth in the plan documents before filing a lawsuit." (ECF No. 73-1, 22:9-11.). While Plaintiff does not dispute this legal tenet, Plaintiff's only requirement at this time is to make the appropriate allegations in the First Amended Complaint. *See, infra,* Section III.A. The authority upon which Humana relies disposed of this issue pursuant to FRCP Rule 56 (summary judgment). *Barboza v. California Ass'n of Professional Firefighters*, 651 F.3d 1073, 1075-76 (9th Cir. 2011); *Diaz v. United Agr. Employee Welfare Ben. Plan and Trust*, 50 F.3d 1478, 1480 (9th Cir. 1995); *Amato v. Bernard*, 618 F.2d 559, 561 (9th Cir. 1980).

Plaintiff's First Amended Complaint alleges that satisfaction of administrative remedies, or in the alternative, that such actions would be futile. (ECF No. 35, 11:20 to 12:8.) While Humana challenges the sufficiency of the pleadings in the First Amended Complaint, it offers no legal authority that Plaintiff must meet a heightened pleading standard on this issue.

/ /

/ /

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' motion to dismiss and order Defendants to answer the First Amended Complaint. In the alternative, Plaintiff respectfully requests the opportunity to amend the First Amended Complaint as set forth above and consistent with this Court's ruling.

Respectfully Submitted,

Dated: September 16, 2019    GARNER HEALTH LAW CORPORATION

By: */s/ Craig B. Garner*
    Craig B. Garner
Attorneys for PLAINTIFF ABC SERVICES GROUP, INC., in its capacity as assignee for the benefit of creditors of MORNINGSIDE RECOVERY, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2019, I caused the

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

to be served upon counsel in the manner described below:

Participants in the case who are registered CM/ECF users will be served by the Central District CM/ECF system.

**VIA THE CENTRAL DISTRICT CM/ECF SYSTEM**

Ronald K. Alberts, Esq.
Sylvia Joo, Esq.
GORDON REES SCULLY MANSUKHANI LLP
633 W. Fifth St., 52nd Floor
Los Angeles, CA 90071
ralberts@grsm.com
sjoo@grsm.com

*Counsel for Defendants*

                              */s/ Craig B. Garner*

# CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2019, I caused the

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

to be served upon counsel in the manner described below:

Participants in the case who are registered CM/ECF users will be served by the Central District CM/ECF system.

**VIA THE CENTRAL DISTRICT CM/ECF SYSTEM**

Ronald K. Alberts, Esq.
Sylvia Joo, Esq.
GORDON REES SCULLY MANSUKHANI LLP
633 W. Fifth St., 52nd Floor
Los Angeles, CA 90071
ralberts@grsm.com
sjoo@grsm.com

*Counsel for Defendants*

                              */s/ Craig B. Garner*