RONALD K. ALBERTS (SBN: 100017)
ralberts@grsm.com
SYLVIA JOO (SBN: 308236)
sjoo@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone: (213) 576-5088
Facsimile: (213) 680-4470

Attorneys for Defendants
HUMANA BEHAVIORAL HEALTH, INC.,
HUMANA HEALTH PLAN OF CALIFORNIA, INC.,
HUMANA, INC.,
HUMANA INSURANCE COMPANY,
HUMANA EMPLOYERS HEALTH PLAN OF GEORGIA, INC.,
HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC.,
HUMANA HEALTH PLAN OF TEXAS, INC.,
HUMANA HEALTH PLAN, INC., and
HUMANA MEDICAL PLAN (erroneously sued as HUMANA INSURANCE COMPANY AND HUMANA MEDICAL PLAN)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABC SERVICES GROUP, INC., a Delaware corporation, in its capacity as assignee for the benefit of creditors of MORNINGSIDE RECOVERY, LLC, a California limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>HUMANA BEHAVIORAL HEALTH, INC., a Texas corporation; HUMANA HEALTH PLAN OF CALIFORNIA, INC., a California corporation; HUMANA INC., a Delaware corporation; HUMANA INSURANCE COMPANY, a Wisconsin corporation; HUMANA EMPLOYERS HEALTH PLAN OF GEORGIA, INC., a Georgia corporation; HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., a Louisiana Corporation; | CASE NO. 8:19-cv-00317-DOC-DFM<br><br>*Hon. David O. Carter*<br>Courtroom 9D<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**Date: October 18, 2019**<br>**Time: 8:30 AM**<br>**Place: Courtroom 9D**<br><br>Complaint filed: 2/21/2019<br><br>First Amended Complaint filed: 6/7/2019 |

-1-

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | HUMANA HEALTH PLAN OF )<br>TEXAS, INC., a Texas corporation; )<br>HUMANA HEALTH PLAN, INC., a )<br>Kentucky corporation; and HUMANA )<br>INSURANCE COMPANY AND )<br>HUMANA MEDICAL PLAN, a )<br>Wisconsin corporation, and DOES 1 )<br>through 20, Inclusive )<br>　　　　　　　　　　　　　)<br>　　　　　　　　　　Defendants. )<br>_____ ) |

Defendants HUMANA BEHAVIORAL HEALTH, INC., HUMANA HEALTH PLAN OF CALIFORNIA, INC., HUMANA, INC., HUMANA INSURANCE COMPANY, HUMANA EMPLOYERS HEALTH PLAN OF GEORGIA, INC., HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., HUMANA HEALTH PLAN OF TEXAS, INC., HUMANA HEALTH PLAN, INC., and HUMANA MEDICAL PLAN (erroneously sued as HUMANA INSURANCE COMPANY AND HUMANA MEDICAL PLAN) (collectively referred to as "Humana") hereby submit their reply to the opposition filed by Plaintiff ABC SERVICES GROUP, INC. ("Plaintiff") to Humana's motion to dismiss as follows.

### I. **Humana Behavioral Health, Inc., Humana Health Plan of California, Inc., and Humana Inc. should be dismissed as defendants because they are neither insurers nor administrators of the benefit plans at issue**

Preliminarily, Plaintiff contends in its opposition that Humana has not provided the reason as to why Humana Behavioral Health, Inc., Humana Health Plan of California, Inc., and Humana, Inc. should be dismissed as not properly named defendants. However, Humana had previously informed Plaintiff's counsel that those Humana entities were neither the administrator nor the insurers of the benefit plans at issue. Moreover, Humana had submitted a declaration in support of its motion to dismiss stating as such. (See Declaration of Eric R. Roper in support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, Dkt. 73-2).

Humana Behavioral Health, Inc., Humana Health Plan of California, Inc., and Humana, Inc., in addition to Humana Insurance Company, were the defendants initially named in the initial Complaint. After meet and confer efforts between counsel regarding which Humana entities were the appropriate defendants,

-3-

Plaintiff added the proper Humana entities as defendants in its First Amended Complaint ("FAC"). Yet, Plaintiff failed to omit Humana Behavioral Health, Inc., Humana Health Plan of California, Inc., and Humana, Inc. in the FAC.

As Humana Behavioral Health, Inc., Humana Health Plan of California, Inc., and Humana, Inc. were erroneously named in the suit and the proper Humana entities have been identified and added as defendants, they should be dismissed from this action.

**II.     Anti-assignment provisions in the plan documents are enforceable against Plaintiff.**

Plaintiff spends a significant portion of its opposition reinforcing its argument that generally, a healthcare provider has derivative standing under ERISA to sue for benefits pursuant to a valid assignment, and that it alleged in its FAC that it obtained assignments from each of the patients for the claims at issue. However, Plaintiff fails to adequately address the crux of the argument in Humana's motion to dismiss: that such assignments are not valid in the face of an anti-assignment provision within the plan document, which governs the plan.

The Ninth Circuit has consistently held that such anti-assignment provisions in ERISA plans are enforceable. *See Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.,* 770 F.3d 1282, 1296 (9th Cir. 2014); *Davidowitz v. Delta Dental Plan of Cal., Inc.,* 946 F.2d 1476, 1481 (9th Cir. 1991) ("ERISA welfare plan payments are not assignable in the face of an express non-assignment clause in the plan."); *DB Healthcare, LLC, et al. v. Blue Cross Blue Shield of Arizona, Inc.,* 852 F.3d 868, 876 (9th Cir. 2017) (where an anti-assignment clause exists, it "override[s] any purposed assignments.") Moreover, the Central District of California has previously upheld anti-assignment provisions in non-ERISA plans pursuant to California law. *See Adel F. Samaan, M.D. v. Aetna Life Insurance Company et al. (Samaan)*, Case No. 2:17-cv-01690-DSF (AGRx),

-4-

January 14, 2019 Order Re Standing, Exhaustion of Administrative Remedies, and Contractual Limitations, Dkt. 43; *Brand Tarzana Surgical Center v. Aetna Life Insurance Company, et al.*, Case No. 2:18-cv-08080-RGK (ASx), April 11, 2019 Order Granting Motion to Dismiss and Denying Motion to Strike, Dkt. 34.

Plaintiff has not demonstrated an adequate counterargument to Humana's assertion in its motion to dismiss that the anti-assignment provisions are enforceable against Plaintiff's purported assignments. Accordingly, Humana's motion to dismiss should be granted based on that issue.

### III. Plaintiff's argument that it is an "authorized representative" pursuant to 29 C.F.R. Section 2560.503-1(b)(4) does not grant it independent grounds to sue for benefits in federal court

Plaintiff appears to argue that it is an "authorized representative" of a claimant within the meaning of 29 C.F.R. Section 2560.503-1(b)(4), which under ERISA requires that the "claims procedures do not preclude an authorized representative of a claimant from acting on behalf of such claimant in pursuing a benefit claim or appeal of an adverse benefit determination." Although Plaintiff does not articulate its argument in so many words, the takeaway in the opposition appears to be that Plaintiff is attempting to use 29 C.F.R. Section 2560.503-1(b)(4) as a work-around for the otherwise valid and enforceable anti-assignment provisions in Humana's plan documents, in order to argue it has separate grounds for standing to sue for benefits.

However, the same argument was used by a plaintiff health care provider and rejected by the Central District of California at the summary judgment stage in the recent case of *Infoneuro Grp. v. Aetna Life Ins. Co.*, 2019 U.S. Dist. LEXIS 140401 (C.D. Cal., May 3, 2019). In *Infornero Grp.*, the plaintiff, who had the same counsel as Plaintiff's counsel in this case, argued that under 29 C.F.R. Section 2560.503-1(b)(4), an "authorized representative" also has standing to sue

-5-

the insurer for a claim for benefits. However, the Central District rejected the plaintiff's argument because "the 'claims procedures' discussed by this section of the C.F.R. are internal claims procedures: 'the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations.'" *Id.* at *28, citing *AllianceMed LLC v. Aetna Life Ins. Co.*, No. CV-16-02435-PHXJAT, at *3 (D. Ariz. Jan. 30, 2017), quoting 29 C.F.R. Section 2560.503-1(b). Although this provision "allows a representative to act on claimant's behalf when dealing with the insurance company, it does not bestow upon that representative standing to file suit against the company in federal court." *Id.*, citing *Armijo v. ILWU-PMA Welfare Plan*, 2019 U.S. Dist. LEXIS 42888, *7 (C.D. Cal. Aug. 21, 2015) (concluding providers do not have standing to pursue ERISA suit as "authorized representatives" because it "would mean that current Plans have to allow authorized representatives, who then automatically have standing to bring civil suits," the practice effect of this "would be that a Plan's anti-assignment clauses, which have long been recognized and upheld by courts across the country, would be rendered ineffective.") Thus, the Court did not find that 29 C.F.R. Section 2560.503-1(b)(4) provided plaintiff independent standing to sue the insurer in federal court as the members' authorized representative. *See id.* at *29.

Accordingly, it follows here that Plaintiff also does not have an independent right to sue for benefits under 29 C.F.R. Section 2560.503-1(b)(4) as an "authorized representative" of the patients in federal court. Thus, Plaintiff has no alternative grounds for standing where an anti-assignment provision is contained in the plan.

### IV. **Direct payment to a medical provider does not constitute consent to an assignment under the plan.**

According to Plaintiff, partial payment was allegedly made by Humana for the claims involving Patient JM, which indicates that Humana "approved" of the

-6-

assignment previously. However, this allegation by itself is insufficient to conclude either that Humana consented to Plaintiff's assignment, or that it rendered void the anti-assignment provision in the plan.

First, the provisions that only permit assignments with consent from Humana explicitly require that such consent be written, as is the case in the plan affecting Patient JM. Payment to a provider is not explicit written consent that Humana has accepted an assignment of all rights by the patient to Plaintiff.

Furthermore, the right to receive direct payment is a different right than the right to stand in the shoes of the insured and sue for benefits on his or her behalf. Indeed, this Court has previously found that "direct payments to the Provider do not afford the Provider 'beneficiary' status under ERISA." *Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross Blue Shield of Ill.*, 2019 U.S. Dist. LEXIS 31450, *17 (C.D. Cal. Feb. 27, 2019), citing *DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, Inc.*, 852 F.3d 868, 875 (9th Cir. 2017) ("Neither a designation in a health benefit plan nor an assignment by a patient allowing a health care provider to receive direct payment for health services entitles a health care provider to 'benefits' on its own behalf.") Direct payment is also not a waiver of the anti-assignment provision. *See id.* at *21, quoting *Pac. Shores Hosp. v. Backus Hosp. Med. Benefit Plan*, 2005 U.S. Dist. LEXIS 51152, *3 (C.D. Cal. May 18, 2005) ("[D]irect communications and payment are insufficient evidence of a clear and convincing waiver of the non-assignment provision.")).

Therefore, the mere allegation that Humana allegedly provided partial payment on the claims for Patient JM does not establish that Humana approved of the purported assignment of all rights, including the right to sue for benefits.

**V.** **Plaintiff has failed to state a cognizable claim under state law for non-ERISA plans**

Humana reiterates its position that Plaintiff has failed to state a cognizable

-7-

CASE NO. 8:19-cv-00317-DOC-DFM
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

1 claim under state law in its FAC for benefits under plans not governed by ERISA.
2 Plaintiff argues in its opposition that this is "not an issue which Defendants can
3 dismiss by FRCP 12(b)(6)," when in fact, it is precisely the type of pleading
4 deficiency that is appropriate to be decided on a motion to dismiss for failure to
5 state a claim upon which relief may be granted. Indeed, Plaintiff seeks leave to
6 amend its FAC to include state law claims for breach of contract and/or quantum
7 meruit, presumably to cure such a defect. (See Opposition, Dkt. 74, p. 9.)

### VI. Plaintiff has failed to adequately plead it exhausted its administrative remedies

Plaintiff reiterates its conclusory allegations that it exhausted all administrative remedies for each of the claims at issue, or in the alternative, that such actions would be futile, without providing any factual basis for such arguments. Even if it is not necessary for Plaintiff to plead at this stage all of the specifics of its attempts to exhaust administrative remedies for each of the claims at issue, it must still provide allegations that show its efforts to follow the plan requirements in exhausting the internal appeals process, or what circumstances made such efforts futile. The Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003), citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

/ /
/ /
/ /
/ /
/ /
/ /
/ /

-8-

## VII. Conclusion

For the reasons stated hereinabove, Humana respectfully requests that its motion to dismiss Plaintiff's FAC be granted in its entirety.

Dated: September 27, 2019

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ Ronald K. Alberts*
Ronald K. Alberts
Sylvia Joo
Attorneys for Defendants

CASE NO. 8:19-cv-00317-DOC-DFM
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT